UNITED STATES of America,
Plaintiff–Appellee,

v.

Eddie VERGARA–SOSA, Defendant–
Appellant.

No. 00–50151.

D.C. No. CR–99–00864–CM.

United States Court of Appeals,
Ninth Circuit.

Submitted, Dec. 8, 2000.*

Decided Jan. 9, 2001.

Before D.W. NELSON, BRUNETTI,
and KOZINSKI, Circuit Judges.

MEMORANDUM **

Eddie Vergara–Sosa appeals his conviction by guilty plea of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court did not err in failing to establish a factual basis before accepting Vergara–Sosa's guilty plea because a trial judge is only required to establish the factual basis for an offense before entering judgment against the defendant. *See* Fed. R.Crim.P. 11(f). The district court found a sufficient factual basis before entering judgment based on the colloquy during the change of plea hearing and the presentence report. Therefore, we affirm.

Rule 11(f) states: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The Advisory Committee notes to the 1974 amendments to this rule explain that the factual basis inquiry "might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." The plain

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

language of the rule and the Advisory Committee notes, therefore, clearly contemplate the scenario where a judge establishes the factual basis after accepting the defendant's guilty plea.

A district court judge may look to the presentence report when establishing the factual basis for a conviction. *See Burton v. United States* 483 F.2d 1182, 1190 (9th Cir.1973) (reh'g granted). The district court found a sufficient factual basis before entering judgment based on the colloquy during the change of plea hearing and the presentence report. *Vergara–Sosa* argues that *Burton* should not control because *Burton* ignored the heightened procedural protections for plea agreements created by *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and no longer represents the law of this circuit. We reject this argument insofar as it fails to recognize a crucial distinction between case law interpreting Rule 11(c) and cases dealing with 11(f). *McCarthy* concerned Rule 11(c) which explicitly requires the judge to inform a defendant of his constitutional rights before accepting his guilty plea. *Id.* at 465, 89 S.Ct. 1166. *Burton* remains good law because it is limited to the 11(f) context.

AFFIRMED.